UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARDO VELAZQUEZ MOYA,

Petitioner,

v. Case No.: 2:26-cv-02331-SPC-KRH

DAVID HARDIN *et al.*,

Respondents,
_________________________________/

**OPINION AND ORDER**

Before the Court are Leonardo Velazquez Moya's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Velazquez Moya is a native and citizen of Cuba who entered the United States on December 14, 2022. Government officials—presumably with Customs and Border Patrol (CBP)—served him with a notice to appear and released him the next day. CBP did not give Velazquez Moya a date to appear in immigration court and apparently did not commence removal proceedings. Velazquez Moya applied for asylum and received work authorization, a social security number, and a Florida driver's license. On January 12, 2026, local police arrested Velazquez Moya for driving with a suspended license, and Immigration and Customs Enforcement (ICE) issued an immigration detainer. Velazquez Moya's record includes three prior appearances in traffic court—

each time the court either dismissed the charges or withheld adjudication—but no other criminal history.

On February 25, 2026, ICE took custody of Velazquez Moya and commenced removal proceedings. Velazquez Moya requested a bond hearing before an immigration judge that day. He did not receive one until June 12, 2026, when Immigration Judge Scott Alexander denied bond with this order:

> Respondent failed to meet his burden to establish that he does not present a danger to the community based on his extensive traffic record over the past several years.

(Doc. 3-1 at 14).

Velazquez Moya argues his continued, prolonged detention violates the Due Process Clause of the Fifth Amendment. In response, the government argues a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to consider this case:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). § 1226(e) does not apply here. Velazquez Moya raises a bona fide due process claim challenging the constitutionality of his current, prolonged detention. § 1226(e) does not strip the Court of jurisdiction to consider bona fide constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510 (2003).

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Velazquez Moya's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a

noncitizen can be detained under § 1226(a), the longer the duration of Velazquez Moya's detention, the greater the deprivation of his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See id.* ("as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink"). The fact that Velazquez Moya's detention now exceeds six months and could continue indefinitely—Cuba generally does not accept repatriations from the United States—raises constitutional concerns. But under the status quo, Velazquez Moya has no opportunity to address them. The Court sees value in additional safeguards, like a bond hearing in which the government bears the burden of proof. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Velazquez Moya without presenting a justification. Remember: Judge Alexander put the burden on Velazquez Moya to prove he is

not a flight risk or danger to the community. A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Velazquez Moya before an immigration judge for another bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Velazquez Moya receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Leonardo Velazquez Moya's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Velazquez Moya for an individualized bond hearing before an immigration judge or (2) release Velazquez Moya under reasonable conditions of supervision. If the respondents release Velazquez Moya, they must give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record